UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE FELTZIN, Individually,          :
                                         :
            Plaintiff,                   :
                                         :
vs.                                      :  Case No.
                                         :
WEISSMAN SELDEN PROPERTIES LLC,          :
a New York Limited Liability Company, and :
WEISSMAN BAYPORT PROPERTIES, LLC,  :
a New York Limited Liability Company,    :
                                         :
            Defendants.

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, LAWRENCE FELTZIN, Individually, on his behalf and on behalf of all other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants,

WEISSMAN SELDEN PROPERTIES LLC, a New York Limited Liability Company, and

WEISSMAN BAYPORT PROPERTIES, LLC, a New York Limited Liability Company

(sometimes referred to as "Defendant" or "Defendants"), for Injunctive Relief, and attorney's

fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §

12181 et seq. ("ADA").

1.     Plaintiff, Lawrence Feltzin, is an individual residing in Boynton Beach, Florida,

in the County of Palm Beach.

2.     Defendants' property, a Shopping Center, is located at 280 Middle Country Road,

Selden, NY 11784, in the County of Suffolk.

3.     Venue is properly located in the Eastern District of New York because venue lies

in the judicial district of the property' situs. The Defendants' property are located in and do

business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendants' violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §2201 and

§2202.

5.      Plaintiff Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an

individual with disabilities as defined by the ADA.  Mr. Feltzin is a paraplegic, and uses a

wheelchair to ambulate.  Lawrence Feltzin has visited the property which forms the basis of this

lawsuit and plans to return to the property to avail himself of the goods and services offered to

the public at the property.  The Plaintiff has encountered architectural barriers at the subject

property, which have impaired Mr. Feltzin's ability to park safely at the premises, to access the

premises safely, to use restrooms safely and to access goods and services at the premises.

6.      Defendants own, lease, lease to, or operate a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendants are responsible for complying with the obligations of the ADA.  The place of public

accommodation that the Defendants own, operate, lease or lease to is a Shopping Center, and is

located at 280 Middle Country Road, Selden, NY 11784.

7.      Lawrence Feltzin has a realistic, credible, existing and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to this property

as described but not necessarily limited to the allegations in paragraph 9 of this complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

in violation of the ADA by the Defendants.  Mr. Feltzin travels to New York to visit with friends

and family who reside in New York.  Lawrence Feltzin desires to visit the Shopping Center once

2

the barriers to access are corrected, not only to avail himself of the goods and services available at the property, but to assure himself that these property are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Shopping Center has shown that violations exist. These violations that Mr. Feltzin has personally observed or encountered include, but are not limited to:

### Parking and Exterior Accessible Route

a.     Parking spaces throughout 280 Middle Country Road are not maintained; lack compliant access aisles, contain slopes and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions prevent Mr. Feltzin and those in wheelchairs to unload from their vehicles freely and safely.

b.     Curb ramps provided to access stores at 280 Middle Country Road are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.

c.     The exterior accessible at 280 Middle Country Road fails to lead to ramps or curb ramps and is impeded by slopes and abrupt changes of level, violating Section 402 of the 2010 Accessibility Standards.

d.     280 Middle Country Road fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.

### Access to Goods and Services

a.      Viva Juan and Machi Sushi fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards.

b.      Payment counters throughout 280 Middle Country Road are mounted beyond the reach of Mr. Feltzin and others in wheelchairs, violating Sections 308 and 904 of the 2010 Accessibility Standards.

c.      The exterior accessible route fails to provide adequate maneuvering space and the route is too narrow for Mr. Feltzin to get through, violating Section 402 of the 2010 Accessibility Standards.

d.      Entering tenants at 280 Middle Country Road is impeded by abrupt changes of level or slopes beyond limits, violating Section 404 of the 2010 Accessibility Standards.

### Restrooms

a.      Restrooms at 280 Middle Country Road including Viva Juan, Machi Sushi and the Salons were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

b.      Restrooms at 280 Middle Country Road provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

c.      Lavatories at Viva Juan and Machi Sushi lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

d.      Viva Juan and Machi Sushi provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards.

e.      Entering restrooms at Viva Juan and other tenants throughout 280 Middle Country Road is impeded by improper door hardware and a lack of maneuvering space to enter, violating Section 404 of the 2010 Accessibility Standards.

10.      The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

4

11.    The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.    Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Shopping Center to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the

Defendants cures their violations of the ADA.

      **WHEREFORE,** Plaintiff respectfully requests:

      a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

      b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Date: _2\2\17_, 2017

Keith Harris, Esq. (432898)
Braff, Harris & Sukoneck
305 Broadway
New York, NY 10007
(973)994-6777
Fax: (973)994-1296
Email: kharris@bhs-law.com

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Counsel for Plaintiff Lawrence Feltzin

8